**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 96-4817

ANTONELLA KEYS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-95-504)

Submitted: April 17, 1997

Decided: May 1, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Janis Richardson Hall, Greenville, South Carolina, for Appellant.
David Calhoun Stephens, Assistant United States Attorney, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Antonella Keys was convicted pursuant to her guilty plea of one count of making false statements to a bank in violation of 18 U.S.C. § 1014 (1994). Keys' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging whether the district court was clearly erroneous in its determination as to the amount of loss attributable to her and for not granting her a downward adjustment for being a minor participant.* Finding no error, we affirm.

Keys was part of a scheme in which counterfeit MasterCards, with legitimate account numbers but fictitious names, were used to obtain cash advances from banks in South Carolina. Keys' role in the scheme was to go into the banks and obtain the money. The presentence report calculated the amount of loss between $120,000 and $200,000.

We find that the district court was not clearly erroneous in its determination as to the amount of loss attributable to Keys or by refusing to grant a downward adjustment for being a minor participant. Keys bore the burden of showing that the amount of loss contained in the presentence report was inaccurate, which she admitted she could not do. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Furthermore, while Keys may have only been responsible for a small fraction of the losses incurred by banks due to fraud nationwide, the district court properly found that she was not a minor participant in this particular scheme.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. The court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further

_____

*Keys has also filed a pro se supplemental brief in which she asks this court to order that she be placed on home detention, rather than in a halfway house, following her release. Since such action is within the discretion of the district court, we decline to grant the requested relief.

2

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm the district court's judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED